UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERICK NURQUEZ,

    Plaintiff,

v.                                                                             Case No. 8:22-cv-1431-AEP

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

This cause comes before the Court upon the Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 13). By the Motion, the United States seeks to dismiss Plaintiff's Amended Complaint in its entirety for lack of subject matter jurisdiction, failure to exhaust administrative remedies, and failure to state a claim upon which relief can be granted. Plaintiff has failed to file a response in opposition—notably, after Order of this Court to respond—to the instant Motion (*see* Doc. 20). Therefore, the Motion is deemed unopposed and could be granted for that sole reason. *See* Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). However, this Court finds, regardless of Plaintiff's silence, that the Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 13) is due to be GRANTED for the reasons stated in the Motion and set forth below.

### I.     Factual Background

Plaintiff in the instant action is proceeding *pro se* and completed his Complaint on a *pro se* form (Doc. 11). Plaintiff's Amended Complaint does not list any statute or constitutional provision, state or federal, but it appears that he is asserting a tort claim against the United States for medical malpractice related to a misdiagnosis of herpes (Doc. 11, at 4). Plaintiff alleges that he was tested for herpes at a hospital operated by the Veterans' Administration on July 15, 2015 (Docs. 11–12). Plaintiff alleges that his medical test results were incorrectly read to him during a phone call on August 7, 2015 (Doc. 11, at 4). Specifically, Plaintiff contends that he was told he was only being tested for herpes simplex 2, but he was actually tested for herpes simplex 1 and 2 (Doc. 11, at 4). Plaintiff alleges that his test result for herpes simplex 2 was negative even though he was told that it was positive (Doc. 11, at 4).

Plaintiff seeks $4,000,000 in damages for the incorrect reading of his test results because he believed he had herpes for six years, until his primary care doctor read his results back to him correctly on September 15, 2021, and explained the complete details of the test (Doc. 11, at 4). He states that believing he had herpes strained his personal life and put his personal dating life on hold because his condition was considered undesirable (Doc. 11, at 4).

Between September 15, 2021, and May 20, 2022, Plaintiff filed an administrative tort claim with the Department of Veterans Affairs under the Federal

Tort Claims Act (Doc. 1, at 6). On May 20, 2022, the VA sent a letter to Plaintiff denying this claim, after explaining that there had been a review of his medical records, a review of the claim by an independent medical reviewer, and interviews of medical personnel (Doc. 1, at 6). Ultimately, the VA found that there was no negligent or wrongful act committed by any VA employee acting within the scope of employment that caused compensable harm to the plaintiff (Doc. 1, at 6).

## II. Standard of Review – Motion to Dismiss

A motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). "Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a court determines that there is no subject matter jurisdiction, the court must dismiss the case. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

In considering a motion to dismiss under Rule 12(b)(6), the court views the complaint in the light most favorable to the plaintiff and accepts as true all of the factual allegations contained therein. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (citation omitted). The court need not, however, "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint challenged

3

by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff must provide the grounds for his or her entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Accordingly, only a complaint that states a plausible claim for relief will survive a motion to dismiss. *See id.* at 679.

### III.   Discussion

The United States moves to dismiss Plaintiff's Amended Complaint under Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure because (1) Plaintiff's claim is barred by Florida's statute of repose; (2) Plaintiff failed to comply with the mandatory pre-suit requirements for medical malpractice claims under Florida law; and (3) Plaintiff's claim for damages based solely on emotional distress is barred by Florida's impact rule.

At the outset, this Court notes that filings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Ford v. Griswald*, No. 22-11774, 2023 WL 3581435, at *1 (11th Cir. May 22, 2023) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam)). Even given that, the claims in Plaintiff's Amended Complaint fail to convey subject matter jurisdiction for this Court and are due to be dismissed.

The FTCA is the exclusive remedy for tort claims against the government. *Jones v. United States*, Case No. 22-13381, 2024 WL 837054, at *2 (11th Cir. 2024) (citing *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 843 (11th Cir. 2013)); 28 U.S.C. §§ 1346(b)(1), 2679(b)(1). It provides a limited waiver of sovereign immunity "for claims arising from torts committed by federal employees acting within the scope of their employment." *Jones*, 2024 WL 837054, at *2 (quoting *Motta*, 717 F.3d at 843). To take advantage of this limited waiver, claimants must both timely file their claims and satisfy the jurisdictional requirements set forth by Congress. First, as to timely filing, a claimant bringing an action under the FTCA must present his claims to the appropriate federal agency within two years of the date that the claim accrues. *Id.* (citing 28 U.S.C. § 2401(b)). After six months or denial of the claim by the agency, the claimant may file suit in federal court. *See* 28 U.S.C. §§ 2401(b), 2675(a). Second, Congress has extended jurisdiction over tort claims under the FTCA "only for claims in which the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Jones*, 2024 WL 837054, at *2 (internal citations and quotation marks omitted). Practically, this means that "the source of substantive liability under the FTCA is state law, not federal law." *Id.* (quoting *Shivers v. United States*, 1 F.4th 924, 928 (11th Cir. 2021)). So, if the facts of a case do not support liability under state law, then the district court lacks subject matter jurisdiction to decide the FTCA claim. *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001).

Accordingly, the proper inquiry for this Court is whether Plaintiff's allegations support liability under Florida law.

Under Florida law, a claim for medical negligence or a medical malpractice claim is defined as "a claim, arising out of the rendering of, or the failure to render, medical care or services." Fla. Stat. § 766.106(a). Medical-malpractice claims in Florida are subject to a statute of repose, now codified at Fla. Stat. § 95.11(4)(c). *Kush v. Lloyd*, 616 So. 2d 415, 418 (Fla. 1992). This provision states that "in no event shall the action [for medical malpractice] be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued." Fla. Stat. § 95.11(4)(c). If a plaintiff can show that "fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury," the deadline is extended to "7 years from the date the incident giving rise to the injury occurred." *Id.* A statute of repose, unlike a statute of limitations, "puts an outer limit on the right to bring a civil action based on the date of the last culpable act or omission of the defendant, whether or not an injury even occurred or was discovered." *Jones*, 2024 WL 837054, at *3 (quoting *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1247 (11th Cir. 2016)). Thus, a statute of repose is a total bar on a defendant's liability "even in cases of extraordinary circumstances beyond a plaintiff's control." *Id.* (quoting *CTS Corp. v. Waldburger*, 573 U.S. 1, 8–9 (2014)).

Here, Florida's statute of repose for medical-malpractice claims operates as a "substantive" limit on a defendant's liability after the established period and is part of the substantive state law this Court applies under the FTCA. *See* 28 U.S.C.

§ 1346(b)(1); *Shivers*, 1 F.4th at 928. In this case, the VA's alleged wrongful conduct occurred in 2015, therefore setting the statute of repose limit in 2019 regardless of when Plaintiff discovered the injury. By the time Plaintiff filed his administrative claim in—at the earliest—2021, any liability under state law had been extinguished.[1] *See Waldburger*, 573 U.S. at 8–10. Because the facts do not support liability under Florida law, this Court lacks subject matter jurisdiction to decide the FTCA claim. *See Ochran*, 273 F.3d at 1317.

### IV. Conclusion

As explained above, the claims in Plaintiff's Amended Complaint are barred by Florida's statute of repose and therefore fail to convey subject matter jurisdiction for this Court. Based upon this finding, this Court need not address the other arguments raised by the United States. Accordingly, it is hereby

ORDERED:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 13) is GRANTED.

2. Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

---

[1] Plaintiff does not allege fraud, concealment, or intentional misrepresentation of a fact that prevented discovery of the injury that would extend the statute of repose deadline to 7 years from the date of the incident. *See* Fla. Stat. § 95.11(4)(c).

3.  The Clerk is directed to terminate any pending motions or deadlines and close this case.

DONE AND ORDERED in Tampa, Florida, on this 13th day of June, 2024.

ANTHONY E. PORCELLI
United States Magistrate Judge